# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

MARCO GORDON,                    )
                                 )
            Petitioner,          )
                                 )        2:15-cr-00027-GZS-2
        v.                       )        2:18-cv-00200-GZS
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Respondent           )


## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner Marco Gordon moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 430.)  Following a guilty plea, Petitioner was convicted of two drug offenses; the Court sentenced Petitioner to 132 months in prison.  (Judgment, ECF No. 272 at 1-2.)  The First Circuit affirmed the sentence on appeal.  *United States v. Gordon*, 852 F.3d 126 (1st Cir. 2017), *cert. denied*, 138 S. Ct. 256 (2017).

Petitioner alleges counsel provided ineffective assistance at sentencing because counsel failed to argue the rule of lenity; failed to investigate and secure witnesses to establish that Petitioner's primary occupation was as a barber; failed to investigate and oppose a gun enhancement; and failed to oppose the preponderance of the evidence standard of proof for the sentencing enhancements.  (Motion at 4-8.)  Petitioner also contends the Government should be estopped from asserting inconsistent positions on the issue of Petitioner's primary occupation; the Court erred in applying a sentencing enhancement based on a finding Petitioner had assumed a supervisory or managerial role

in the offense; the Court erred by failing to permit allocution after remand; and the sentence was not substantively reasonable. (Motion at 13.)

Following a review of Petitioner's motion, the Government's request for dismissal, and the record, I recommend that the Court grant the Government's request, and dismiss Petitioner's motion.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner pled guilty to conspiracy to possess with intent to distribute in excess of 28 grams of cocaine base (Count 1), 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846; and possession with intent to distribute in excess of 28 grams of cocaine base (Count 4), 21 U.S.C. § 841(a)(1), (b)(1)(B).[1] (Judgment at 1.)

The Court applied the sentencing guidelines as follows: based on the Court's acceptance of the parties' agreement to recommend a base offense level of 30, the base offense level was 30. (Sentencing Tr., ECF No. 319 at 25-26.) The Court determined that the following enhancements applied: two levels, pursuant to USSG § 2D1.1(b)(1), because Petitioner possessed a firearm; two levels, pursuant to USSG §§ 2D1.1(b)(15)(E), 4B1.3, because Petitioner committed the offense as part of a pattern of criminal conduct engaged in as a livelihood; and three levels, pursuant to USSG § 3B1.1(b), because Petitioner acted as a manager or supervisor in the offense, and the criminal activity involved five or more persons. (Sentencing Tr. at 16-17, 20-21, 24, 35-36.) The Court subtracted three levels,

---

[1] The Court granted the Government's unopposed motion to dismiss without prejudice Count 2 of the second superseding indictment as to Petitioner. (Order, ECF No. 216.) Aside from a forfeiture allegation, the remaining counts were not alleged against Petitioner. (Second Superseding Indictment, ECF No. 160.)

pursuant to USSG § 3E1.1, for acceptance of responsibility. (*Id.* at 36.) The total offense level was 34; a criminal history category of III applied; and the sentencing guidelines range was 188-235 months. (*Id.* at 36.)

The Court sentenced Petitioner to prison terms of 132 months on each of the counts, to run concurrently, to be followed by terms of five years of supervised release on each of the counts, to run concurrently. (Judgment at 2-3.)

Petitioner appealed from the sentence. The First Circuit noted the case involved issues of first impression concerning the enhancement for criminal livelihood:

> The criminal livelihood enhancement applies where the government proves, by a preponderance of the evidence, that two conditions have been met: (1) the defendant committed the relevant offense as "part of a pattern of criminal conduct" and (2) the defendant was engaged in that conduct "as a livelihood." [USSG] §§ 2D1.1(b)(15)(E), 4B1.3. On appeal, Gordon argued only that the government had failed to meet its burden as to the second condition.
>
> The Guidelines further divide that second condition into two prongs. A defendant was engaged in a pattern of criminal conduct "as a livelihood" only if:
>
> > (A)  the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law[,] [meaning $14,500 in the instant case]; and
> >
> > (B)  the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period (*e.g.*, the defendant engaged in criminal conduct rather than regular, legitimate employment; or the defendant's legitimate employment was merely a front for the defendant's criminal conduct).
>
> *Id.* § 4B1.3 app. n.2. Gordon argued on appeal, as he had before the district court, that the government had failed to meet its burden as to both prongs.

852 F.3d at 128.

The First Circuit noted that at sentencing, counsel argued that only net income should be included in determining whether Petitioner's income from criminal activity exceeded $14,500. *Id.* at 129. (Sentencing Tr. at 18-19.) The First Circuit also noted that because this Court had not explicitly stated whether its finding that Petitioner's income exceeded $14,500 was based on net income or gross income, the First Circuit had remanded the case for clarification on the issue. 852 F.3d at 129.

Following the remand, and following supplemental briefing in which the parties agreed the Court should not take further evidence on the issue, this Court "conclude[d] that a plain reading of 'derived income' in the Guidelines calls for the consideration of gross income, rather than net income." (Order in Response to First Circuit Remand, ECF No. 394 at 1, 4.)

On appeal after this Court's order after remand, the First Circuit concluded: "We find no error in the district court's interpretation of § 4B1.3 app. n.2(A), absent further clarification by the [United States Sentencing] Commission. Even if we are wrong in reaching that conclusion, we affirm anyway, as the government's harmless error argument is correct." *Id.* at 134 (citing *United States v. Gordon*, 2017 WL 383349, at *3 (D. Me. Jan. 27, 2017)). The Government's harmless error argument was in turn based on this Court's finding that "[e]ven without the livelihood enhancement, the Court would have imposed this same sentence." (Order in Response to First Circuit Remand at 6.) 852 F.3d at 130.

The First Circuit also noted that this Court found at sentencing Petitioner's primary occupation was drug trafficking, not his work as a barber. 852 F.3d at 128-29. Counsel

argued at sentencing that the Government had not met its burden to prove drug trafficking was Petitioner's primary occupation. (Sentencing Tr. at 19-20.) This Court found Petitioner had worked as a barber, but not in "any substantial degree during the period of time in question." (*Id.* at 21.)

The First Circuit concluded:

> We affirm Gordon's sentence because the district court did not commit legal error when it used Gordon's gross, rather than net, income derived from drug trafficking to determine that his income surpassed the $14,500 threshold, nor did the court commit factual error when it concluded that drug trafficking was Gordon's primary occupation.

*Gordon*, 852 F.3d at 127.

The Supreme Court denied Petitioner's petition for a writ of certiorari on October 2, 2017. *Gordon*, 138 S. Ct. 256.

Petitioner asserts that he placed his section 2255 motion in the prison mailing system on May 9, 2018. (Motion at 12.)

## II. DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*." *Rosenthal v. O'Brien*, 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall*, 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner

must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the test because a failure to meet either prong will undermine the claim. *Id.* at 697.

If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

### B. Claims and Analysis

#### 1. Ineffective assistance claims

##### a. Rule of lenity

Petitioner alleges counsel provided ineffective assistance at sentencing concerning the enhancement for criminal livelihood, USSG § 4B1.3.[2]  (Motion at 4; Attachment, ECF No. 430-1 at 5-9.)  Specifically, Petitioner alleges counsel failed to rely on the rule of lenity to support the argument that the term "income" in USSG § 4B1.3 app. n.2 should be interpreted to require that net income, rather than gross income, be used to determine income derived from criminal activity.

In Petitioner's case, counsel argued at sentencing and on appeal that net income should be the measure under USSG § 4B1.3.  (Sentencing Tr. at 18-19; First Circuit Docket No. 15-2395, Brief and Addendum of Defendant-Appellant at 1; Supplemental Brief of Defendant-Appellant at 1.)  Counsel did not rely on the rule of lenity in support of the argument, however, either at sentencing or on appeal.  Rather, the rule of lenity was first

---

[2] USSG § 4B1.3 provides in relevant part:

> If the defendant committed an offense as part of a pattern of criminal conduct engaged in as a livelihood, his offense level shall be not less than **13**, unless §3E1.1 (Acceptance of Responsibility) applies, in which event his offense level shall be not less than **11**.

Application Note 2 to USSG § 4B1.3 provides:

> "Engaged in as a livelihood" means that (A) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law; and (B) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period (*e.g.*, the defendant engaged in criminal conduct rather than regular, legitimate employment; or the defendant's legitimate employment was merely a front for the defendant's criminal conduct.

discussed by the concurring judge on appeal.  *Gordon*, 852 F.3d at 135 & n.10 (Barron, J., concurring).

> The defendant did not invoke the rule of lenity in making his case for the narrower, "net" reading that I would adopt.  But the only reason that we are offering a construction of the relevant provision of the Guidelines is to clear things up going forward.  I thus see no reason to exclude from consideration this obviously relevant tool of construction.

*Id.* n.10.

In Petitioner's appeal, the concurring judge agreed with the majority that "however one construes the guideline, it would not affect the outcome in this case."  *Id.* at 135. Nonetheless, the concurring judge concluded there is a "'grievous ambiguity'" in USSG § 4B1.3, and therefore a narrow interpretation is appropriate, given that the Sentencing Commission has not amended the guidelines to resolve the ambiguity. *Id.* at 135, 141 (quoting *Muscarello v. United States*, 524 U.S. 125, 138-39 (1998) ("To invoke the rule [of lenity], we must conclude that there is a grievous ambiguity or uncertainty in the statute.") (citation omitted)); *see also United States v. Pinkham*, 896 F.3d 133, 138 (1st Cir. 2018) (discussing the rule of lenity and noting "[t]he rule may also apply in the context of the sentencing guidelines," but concluding it did not apply to the guideline at issue in Pinkham's case).

Counsel's failure to argue the rule of lenity does not render counsel's performance deficient, because, despite the reasoning of the concurring opinion, the majority implicitly concluded the guidelines application could be interpreted; the First Circuit determined this Court did not err in interpreting the term "income" in USSG § 4B1.3 app. n.2 to mean gross income, "absent further clarification by the [Sentencing] Commission."  852 F.3d at 134.

Because the First Circuit concluded "income" under USSG § 4B1.3 app. n.2 means gross income, Petitioner's underlying argument that the term was too ambiguous to interpret fails on the merits. In addition, because the underlying argument fails, Petitioner's related allegation, of deficient performance for counsel's failure to make the argument, also fails. *See Tse*, 290 F.3d at 465.

Furthermore, as the First Circuit determined, even if its interpretation of USSG § 4B1.3 app. n.2 was in error, the error was harmless "in light of the district court's statement that it would have imposed the same 132-month sentence regardless of whether the criminal livelihood enhancement applied." 852 F.3d at 130, 134. Therefore, Petitioner cannot demonstrate prejudice. *See Strickland*, 466 U.S. at 694.

### b. Primary occupation

Petitioner alleges counsel provided ineffective assistance at sentencing concerning evidence of primary occupation for purposes of the enhancement for criminal livelihood, USSG § 4B1.3. (Motion at 5.) In particular, Petitioner alleges he informed counsel of available witnesses who would have testified that Petitioner had a legitimate source of income as a barber, but counsel advised him that would not be necessary, because the Government had the burden to prove Petitioner's primary occupation was selling drugs. (Attachments, ECF Nos. 430-1 at 9-10; 430-2 at 2.) Petitioner also submitted an affidavit of a person who alleged that he hired Petitioner as a barber, and that Petitioner worked with him from 2012 to the time of Petitioner's arrest in 2014.[3] (Attachment, ECF No. 430-1

---

[3] Petitioner was arrested in January 2015. *United States v. Gordon*, 852 F.3d 126, 127 (1st Cir. 2017).

at 10 n.1; Affidavit of Patrick Robert, ECF No. 433 at 2.)  Although Petitioner alleges the evidence was relevant to his guilt or innocence, the issue of Petitioner's primary occupation related to sentencing only. (Motion at 5; Sentencing Tr. at 20-21.) *Gordon*, 852 F.3d at 127.

At sentencing, counsel represented that although counsel had not solicited letters in support of Petitioner on the primary-occupation issue, many of the letters submitted in Petitioner's support at sentencing stated he had worked as a barber.  (Sentencing Tr. at 19.) Counsel represented that Petitioner's position "was that he worked often as a barber, he cut a lot of people's hair, it was all under the table, it was cash payments." (*Id.*)  Counsel argued: "I think that that cannot be discounted for some level of income that Mr. Gordon was . . . living on." (*Id.*)

On the evidence on the primary-occupation issue, the First Circuit wrote:

> The only evidence of legitimate employment that Gordon could muster were statements taken from a few of the letters submitted to the court in support of Gordon's character, which mentioned that Gordon had engaged in barbering at some point, sometimes for money, back when he had lived in Detroit.  These statements did not indicate that Gordon had worked as a barber at all, let alone primarily, during the relevant time period.

*Gordon*, 852 F.3d at 134-35.  The First Circuit concluded this Court did not err in finding the Government had demonstrated that Petitioner's criminal conduct, rather than his work as a barber, was Petitioner's primary occupation:

> In light of the abundant evidence that Gordon had actively participated in large-scale, lucrative drug-trafficking activities during the twelve months at issue and the dearth of evidence that he had performed any alternative work of comparable frequency or profitability over that period, the district court was well justified in concluding that the primary-occupation prong of the criminal livelihood enhancement was satisfied.

*Id.* at 135.

Petitioner evidently submitted the additional affidavit (ECF No. 433) as part of his section 2255 motion in an effort to respond to the First Circuit's observation that the statements offered at sentencing did not address the relevant time period. 852 F.3d at 134-35. Petitioner, however, has not demonstrated that counsel's performance was deficient because counsel failed to obtain such a letter, or that counsel's performance was deficient because counsel instead argued the Government failed to meet its evidentiary burden. That is, counsel's decision to argue that the Government had failed to satisfy its burden of proof was not substandard practice. *See Strickland*, 466 U.S. at 688; *United States v. Lacouture*, 721 F. App'x 1, 2 (1st Cir. 2018) ("It is the government's burden at sentencing to prove sentencing enhancement factors by a preponderance of the evidence, and a district court may base its determinations on any evidence that it reasonably finds to be reliable.") (quotation marks omitted); *Rizo v. United States*, 662 F. App'x 901, 914 & n.1 (11th Cir. 2016) (concluding counsel "was not ineffective in choosing not to investigate or present alibi witnesses and instead focusing on the government's failure to meet its burden," and determining that because the petitioner "[had] not satisfied the first prong of *Strickland*, [the Eleventh Circuit] need not address the prejudice prong").

Finally, Petitioner cannot demonstrate prejudice, because the First Circuit concluded this Court did not err when it found it "would have imposed the same 132-month sentence regardless of whether the criminal livelihood enhancement applied." 852 F.3d at 130, 134; *see Strickland*, 466 U.S. at 694.

### c. Gun enhancement

Petitioner contends the evidence in support of the gun enhancement was insufficient, and "a reasonable investigation would have uncovered this fact." (Motion at 6.)   Petitioner's claim is evidently based on the introduction at Petitioner's sentencing of the transcript of the testimony of a co-defendant, Robert Joiner, Jr., from Joiner's sentencing.   (Attachment, ECF No. 430-1 at 10-11; Sentencing Tr. at 15-16.) Petitioner alleges counsel provided ineffective assistance because counsel failed to argue against the gun enhancement based on the lack of opportunity to cross-examine two witnesses.  (Attachment, ECF No. 430-1 at 10-11.)   Petitioner contends the failure to cross-examine violated his Sixth Amendment confrontation right.  (*Id.* at 11.)

The revised presentence investigation report included a two-level gun enhancement pursuant to USSG § 2D1.1(b)(1).   (Report, ¶¶ 22, 38.)   The Government represented it would take no position concerning the gun enhancement.   (Presentence Conf. Tr., ECF No. 337 at 3; Sentencing Tr. at 15.)   The Court noted "that Mr. Joiner has testified about [Petitioner's] possession of a gun during the period of time he was drug dealing, and the presentence report also corroborates that."  (Sentencing Tr. at 16.)

Counsel objected to the enhancement:

Mr. Joiner had motive to fabricate that testimony, that there is – certainly on information and belief that Mr. Joiner was the one that actually had that gun for quite some period of time, and I think that he had a motive to ascribe the possession of that to Mr. Gordon.  And I would just suggest that this is all evidence – any evidence concerning the gun is either complete hearsay, or in

the terms of . . . Mr. Joiner, it was not subject to cross-examination from someone with an interest to challenge his veracity.

(*Id.*)

The Court noted the testimony was independently corroborated, and the Court applied the gun enhancement. (*Id.* at 16-17.) Petitioner did not raise the issue on appeal, and therefore the section 2255 claim is procedurally defaulted. *Rosenthal,* 713 F.3d at 683; *Berthoff*, 308 F.3d at 127-28.

Furthermore, counsel's performance was not deficient, and Petitioner was not prejudiced. Counsel did object, but even if he had not, such a failure would not have constituted deficient performance, because "[a] defendant's rights under the Confrontation Clause do not attach during sentencing." *United States v. Lee*, 892 F.3d 488, 492 (1st Cir. 2018) (noting that "for a while now, we have held that a sentencing court may consider hearsay statements of confidential informants if they otherwise show sufficient indicia of reliability").

Because the underlying argument lacks merit, the related claim of ineffective assistance also fails. *See Tse*, 290 F.3d at 465.

### d. Evidentiary standard

Petitioner contends counsel provided ineffective assistance because counsel failed to argue that at sentencing, the beyond a reasonable doubt standard of proof should apply, rather than the preponderance of the evidence standard. (Motion at 8; Attachment, ECF No. 430-1 at 11-12.) Petitioner did not raise the issue at sentencing or on appeal, and

therefore the section 2255 claim is procedurally defaulted. *Rosenthal,* 713 F.3d at 683; *Berthoff,* 308 F.3d at 127-28.

In addition, the argument, if made, would have failed. "It is firmly settled that the standard of proof for judicial factfinding at sentencing is preponderance of the evidence, so long as the factfinding does not 'increase the penalty for a crime beyond the prescribed statutory maximum.'" *United States v. Jean-Baptiste,* 663 F. App'x 7, 9 (1st Cir. 2017) (quoting *United States v. Platte,* 577 F.3d 387, 391 (1st Cir. 2009), and citing *Alleyne v. United States,* 570 U.S. 99 (2013)).

Petitioner's conviction carried a statutory maximum penalty of 40 years (which equates to 480 months). *See* 21 U.S.C. § 841(b)(1)(B). The Court found a total offense level of 34, which, combined with a criminal history category of III, resulted in a guidelines range of 188-235 months. (Sentencing Tr. at 26.) The Court imposed a prison term of 132 months, which was below the low end of the guidelines range. (Judgment at 2.) Because the Court's sentencing findings of fact did not increase the penalty beyond the statutory maximum, the standard of proof at sentencing was preponderance of the evidence. *Jean-Baptiste,* 663 F. App'x at 9.

Because Petitioner's underlying argument concerning the standard of proof lacks merit, his related claim of ineffective assistance also fails. *See Tse,* 290 F.3d at 465.

### 2. Claim the Government took inconsistent positions

Petitioner contends he is entitled to relief because, following the First Circuit's remand, the Government's position on the issue of net or gross income for purposes of the

enhancement for criminal livelihood was allegedly inconsistent with a prior position advanced by the Government. (Motion at 13; Attachment, ECF No. 430-1 at 12-14.)

In the Government's brief on appeal, filed prior to the First Circuit's remand order, the Government wrote that it "agree[d] with Gordon that if the Court were to conclude that the district court erred in applying the two-level criminal-livelihood enhancement, the error is not necessarily harmless and a remand for resentencing would be warranted in this case." (Brief of Appellee at 42 n.13.)

Petitioner alleges the Government's pre-remand, First Circuit argument is inconsistent with its post-remand memorandum, filed in this Court, in which the Government "concede[ed] that the record does not support a finding that the defendant had a *net* income exceeding $14,500 in a 12-month period," but nonetheless "request[ed] that this Court indicate, on the record, whether it would impose the same sentence even in the absence of the two-point criminal livelihood enhancement." (Government's Memorandum, ECF No. 393 at 3, 4.) Petitioner essentially contends the Government should have been judicially estopped from arguing harmless error, given that it previously conceded that if this Court erred on the gross-income issue, the error was not necessarily harmless.[4] (Attachment, ECF No. 430-1 at 12-14.)

---

[4] The First Circuit has noted: "Judicial estoppel is not to be applied by a court as a matter of course but, rather, is to be applied at the court's discretion." *Sexual Minorities Uganda v. Lively*, 899 F.3d 24, 32 (1st Cir. 2018) (citing *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). A party may be judicially estopped from benefitting from a position that is inconsistent with a position the party had previously successfully advanced, if the court's adoption of the inconsistent position "would create 'the perception'" that the party had misled the court. *Id.*

The issue is procedurally defaulted. *See Rosenthal,* 713 F.3d at 683; *Berthoff*, 308 F.3d at 127-28. Although Petitioner does not assert a related claim of ineffective assistance or other cause for the procedural default, such a claim would have failed because the underlying judicial-estoppel argument fails on the merits.

Petitioner's judicial estoppel claim fails because the First Circuit concluded both that this Court did not err on the underlying gross-income issue, and that if the Court had erred, the error was harmless. *Gordon*, 852 F.3d at 134 (concluding the district court did not err in its interpretation of USSG § 4B1.3 app. n.2(A), but adding that "[e]ven if we are wrong in reaching that conclusion, we affirm anyway, as the government's harmless error argument is correct"). Judicial estoppel does not apply, because the Government's prior position (that if there were error, it was not necessarily harmless) was in fact a concession, rather than a position the Government successfully advanced to its benefit; and there is no issue concerning the perception the Government misled the Court with the Government's earlier and later arguments on the issue of harmless error. *See Sexual Minorities Uganda v. Lively*, 899 F.3d 24, 32 (1st Cir. 2018).

### 3. Claims of error by the Court at sentencing

Petitioner contends the Court erred when it applied a three-level sentencing enhancement, pursuant to USSG § 3B1.1(b), based on a finding Petitioner was a manager or supervisor in the offense. (Motion at 13.) Petitioner also argues the Court erred by failing to permit allocution after the First Circuit remanded the case. (*Id.*)

Petitioner claims the Court should not have applied the managerial or supervisory role enhancement, because Petitioner alleges he did not direct or control a particular

cooperating witness (whom Petitioner identifies as CW-2). (Attachment, ECF No. 430-1 at 14.) Petitioner maintains he only gave the witness gifts and favors. (*Id.*)

This Court applied the enhancement based on its finding that there were five or more participants in the conspiracy, and Petitioner was a manager or supervisor. (Sentencing Tr. at 24.) The Court found:

> I've reviewed the exhibits very carefully, the text messages, and the recorded statements. I've also looked very carefully at the presentence investigation report. All of them corroborate that this defendant was directing others to store drugs in their apartment, CW2 specifically, though there is corroboration otherwise, instructing that person to sell the drugs to [a person], and paid them for conducting that sale. I find that the enhancement is appropriate.

(*Id.*) The First Circuit noted Petitioner did not contest the evidence that he "held a leadership role in a substantial drug-trafficking organization while living in Maine during the year preceding his arrest." *Gordon*, 852 F.3d at 134. Counsel objected to the enhancement on the basis Petitioner did not direct the others involved; however, this Court found otherwise. (Sentencing Tr. at 22-24.) Petitioner did not appeal the issue of the role enhancement. 852 F.3d at 134. Petitioner's section 2255 claim is thus procedurally defaulted, *see Berthoff*, 308 F.3d at 127-28, and Petitioner fails to establish he is entitled to relief, *see David*, 134 F.3d at 478.

Petitioner's claim concerning the right of allocution fails because the Court provided the opportunity for allocution at sentencing, and Petitioner addressed the Court. (Sentencing Tr. at 34-35.) The First Circuit has noted:

> The Supreme Court in [*Green v. United States*, 365 U.S. 301, 81 S. Ct. 653 (1961),] . . . instructed courts to, "as a matter of good judicial administration, unambiguously address themselves to the defendant [and to] . . . leave no

room for doubt that the defendant has been issued a personal invitation to speak prior to sentencing." *Id.* at 305, 81 S.Ct. 653. This circuit has also consistently requested that courts comply with Fed. R. Crim.P. 32 by "address[ing] the defendant[s] personally and allow [ing] [them] to speak on all topics." [*United States v. Burgos–Andújar,* 275 F.3d 23, 29 (1st Cir. 2001)] (internal quotation marks omitted).

*United States v. Pacheco*, 727 F.3d 41, 49 (1st Cir. 2013). The allocution requirements set forth in Fed. R. Crim. P. 32 apply before the Court imposes the sentence.[5]

This Court did not err when it did not provide Petitioner an opportunity for allocution after the First Circuit remanded the case. The remand was for a specific and limited purpose, which was for this Court to provide an explanation as to whether its finding under USSG § 2D1.1(b)(15)(E) was based on a theory of net income or gross income. (*Gordon*, No. 15-2395, Order (1st Cir. Dec. 12, 2016).) The First Circuit retained jurisdiction pending the remand. (*Id.*) Although the First Circuit noted this Court "may choose to take further evidence and make further findings," the limited purpose of the remand correspondingly would have limited the scope of the evidence, had the parties requested and the Court determined further evidence was necessary (they did not). Under the circumstances, a second allocution had no place in the proceedings. *See United States v. George*, 886 F.3d 31, (1st Cir. 2018) (noting that "when [a] defendant had been given the opportunity to allocute in full at [the] first hearing, he did not have a right to a second opportunity to allocute on remand where his circumstances had not

---

[5] Fed. R. Crim. P. 32(i)(4)(A) provides in relevant part: "Before imposing sentence, the court must . . . (ii) address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence."

undergone any material change") (citing *United States v. Garafano*, 61 F.3d 113, 116-17 (1st Cir. 1995)).

Finally, Petitioner argues the sentence was not substantively reasonable. (Motion at 13.) The claim is procedurally defaulted, and it is based on Petitioner's unmeritorious contention, addressed above, that he should have been provided the opportunity for allocution after the First Circuit remanded the case. (Attachment, ECF No. 430-1 at 15-16.)

To the extent Petitioner claims the sentence was not substantively reasonable, the claim, had it not been procedurally defaulted, would have failed on the merits. "A sentence is substantively reasonable if the court gives a 'plausible rationale' and reaches a 'defensible result' . . . ." *United States v. Lasalle Gonzáles*, 857 F.3d 46, 63 (1st Cir. 2017) (quoting *United States v. Díaz-Arroyo*, 797 F.3d 125, 129 (1st Cir. 2015)). In *Lasalle Gonzáles*, the Court noted the sentence was "within a properly calculated Guidelines range, so to prevail [Lasalle] must adduce fairly powerful mitigating reasons and persuade us that the district court was unreasonable in balancing pros and cons." *Id.* (quotation marks omitted). In Petitioner's case, the Court imposed "a sentence substantially below [the] low end of the advisory guideline range in a hope that that lower sentence enables [Petitioner] to leave at a relatively young age and go straight." (Sentencing Tr. at 40.) The sentence rationale was plausible, and the result was defensible,

and therefore a claim that the sentence was substantively unreasonable would fail on the

merits.  *Lasalle Gonzáles*, 857 F.3d at 63.[6]

---

[6] In Petitioner's reply, he also requests that the Court consider his allegations that he has demonstrated, in several ways, he has set a positive course for himself in prison; Petitioner essentially requests that the Court modify his sentence.  (Reply, ECF No. 438.)  The Court's authority to modify a sentence is limited under 18 U.S.C. § 3582(c), which provides:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—
>
> > **(1)** in any case—
> >
> > > **(A)** the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > **(i)** extraordinary and compelling reasons warrant such a reduction; or
> > > >
> > > > **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> > >
> > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> > >
> > > **(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
> >
> > **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Petitioner's section 2255 allegations do not meet the requirements for a sentence modification under section 3582(c).

### III.  CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.  In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255.  I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of November, 2018.