**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:15-cr-00027-GZS |
| MARCO GORDON, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Upon the Motion of the Defendant for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the Motion (ECF No. 447) is DENIED after complete review of the Motion on the merits.

**Factors Considered:**

For reasons stated in the Government's Response, the Court finds on the record presented that Defendant has not established extraordinary and compelling reasons under the Guidelines. See Gov't Response (ECF No. 449), PageID #s 1507-10. In considering what qualifies as extraordinary and compelling, this Court has generally looked to U.S.S.G. § 1B1.13 & Application Note 1.[1] Applying these Guideline provisions, it is apparent that Gordon, who is 39 years old and has not documented any serious medical conditions, does not qualify for a sentence reduction under the § 1B1.13 definition.

---

[1] See, e.g., United States v. Estrella, No. 2:15-CR-00032-GZS, 2019 WL 6689897 (D. Me. Dec. 6, 2019) (denying motion for compassionate release). The Court notes that based on a renewed, post-pandemic motion for compassionate release, Estrella was granted compassionate release. See United States v. Estrella, No. 2:15-CR-00032-GZS (D. Me. June 16, 2020) .

The Court acknowledges that at least four circuits have now held that U.S.S.G. § 1B1.13 should not be viewed as limiting the reasons that the Court might consider "extraordinary and compelling" when a defendant brings a motion under 18 U.S.C. § 3582(c)(1)(A). See United States v. McCoy, --- F.3d ---, 2020 WL 7050097 (4th Cir. Dec. 2, 2020); United States v. Jones, --- F. 3d ---, 2020 WL 6817488 (6th Cir. Nov. 20, 2020); United States v. Gunn, --- F.3d ---, 2020 WL 6813995 (7th Cir. Nov. 20, 2020); United States v. Brooker, 976 F.3d 228 (2d Cir. 2020). It is not clear whether the First Circuit will adopt this approach, although it has affirmed a compassionate release denial from the District of Maine while noting with apparent approval that "the district court did consider other relevant circumstances not specifically enumerated in the guidelines en route to denying relief." See United States v. Fox, No. 2:14-cr-03-DBH, 2019 WL 3046086 (D. Me. July 11, 2019), aff'd, No. 19-1785 (1st Cir. July 23, 2020). Given this backdrop, the Court has reviewed all of the materials submitted by Gordon to consider whether he presents alternative extraordinary and compelling reasons for a sentence reduction. The record reflects that Gordon has engaged in an exemplary level of rehabilitation and appears to have exceptional support from many family and friends. These developments suggest that Gordon is on track to avoid future criminal conduct upon his release. Nonetheless, considering all of the circumstances of the underlying offense as well as all of the applicable § 3553(a) factors, the Court concludes that Gordon has not presented a combination of extraordinary and compelling reasons sufficient for this Court to exercise any additional discretion afforded under the evolving interpretation of 18 U.S.C. § 3582(c)(1)(A).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 15th day of December, 2020.